[991 NYS2d 892]

In the Matter of CHRISTOPHER J. KIRKWOOD (Admitted as CHRISTOPHER JAMES KIRKWOOD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 10, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of New Jersey, by order filed January 14, 2014 (216 NJ 398, 81 A3d 665 [2014]), disbarred the respondent, upon his consent, and struck his name from the roll of attorneys in that state. The order further directed that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by the respondent pursuant to New Jersey Rules of Court rule 1:21-6 shall be restrained from disbursement, except on application to the court for good cause shown and shall be transferred by the financial institution to the Clerk of the Superior Court, who was directed to deposit the funds in the Superior Court Trust Fund pending further order of the court.

The respondent was admitted to the New Jersey bar in 1985.

A complaint was filed against the respondent charging him with knowing misappropriation of client funds. After consulting with counsel, the respondent knowingly and voluntarily executed a sworn statement consenting to his disbarment. He acknowledged in such statement that he could not successfully defend himself against the charges pending under docket Nos. XIV-2012-0028E, XIV-2012-0067E, XIV-2012-0572E, and XIV-2013-0164E, and acknowledged that he was aware that his consent to disbarment constituted an absolute barrier to his ever seeking reinstatement to the bar in New Jersey.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on March 21, 2014, the respondent has not filed a verified statement, nor has he requested additional time in which to do so. Since he has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.

The records of the New York State Office of Court Administration reflect that the respondent is delinquent in his payment of attorney registration fees for two biennial periods: 2011-2012 and 2013-2014.

In view of the discipline imposed by the Supreme Court of New Jersey, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose re-

ciprocal discipline is granted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in New York.

ENG, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Christopher J. Kirkwood, admitted as Christopher James Kirkwood, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Christopher J. Kirkwood, admitted as Christopher James Kirkwood, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christopher J. Kirkwood, admitted as Christopher James Kirkwood, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher J. Kirkwood, admitted as Christopher James Kirkwood, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).